UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAIN STREET ROI, LLC,

     Plaintiff,

v.                                                         Case No: 6:26-cv-1153-JSS-LHP

FRANCES C. FURGELE,

     Defendant.

_____/

### **ORDER**

On Plaintiff's motion (Dkt. 8), the court entered a temporary restraining order (TRO) in this case at 5:15 P.M. E.T. on June 2, 2026. (Dkt. 13.) The court subsequently extended the TRO period "such that the TRO will expire twenty-eight days from 5:15 P.M. E.T. on June 2, 2026," in accordance with Federal Rule of Civil Procedure 6. (Dkt. 17.) According to Plaintiff, Defendant has not complied with the TRO. (Dkt. 19 at 1 (asserting "Defendant's knowing and continuing refusal to comply with" the TRO).) Given Defendant's noncompliance, Plaintiff moves the court to hold Defendant in civil contempt and to subject her to monetary sanctions to coerce her compliance with the TRO. (*See id. passim.*) Defendant has not yet appeared in this action but has been in communication with Plaintiff regarding the case. (*See* Dkts. 19, 19-1, 19-2, 19-3.) On June 17, 2026, the court ordered Defendant to show cause on or before June 21, 2026, why she should not be held in civil contempt. (Dkt. 21 at 2–3.) The court also cautioned Defendant that "failure to respond to [the order to show

cause (OTSC)] on or before June 21, 2026, w[ould] likely result in her being held in civil contempt and being subject to sanctions." (*Id.* at 3.)  In accordance with the OTSC, which required Plaintiff to "immediately ensure that Defendant receive[d]" the OTSC, (*id.* at 2), Plaintiff emailed Defendant the OTSC around 9:30 A.M. E.T. on June 17, 2026, and used a delivery service to send her the OTSC overnight, (*see* Dkts. 22, 22-1).    Nonetheless, to date, Defendant has not responded to the OTSC. Moreover, at 11:00 A.M. E.T. on June 23, 2026, the court held an evidentiary hearing in connection with the TRO, (*see* Dkt. 15), and although Defendant had received notice of the hearing in early June 2026, (*see* Dkts. 20, 20-1), Defendant did not appear at the hearing, (*see* Dkt. 25).  Accordingly, Plaintiff's contempt motion (Dkt. 19) is unopposed.  In any event, upon consideration, the court grants the motion, holds Defendant in civil contempt, and subjects her to coercive monetary sanctions as explained in this order.

In a verified amended complaint, Plaintiff alleges that Defendant—Plaintiff's former employee—breached a non-disclosure agreement and violated trade secret statutes—the Defend Trade Secrets Act (DTSA), 18 U.S.C. §§ 1836–39, and the Florida Uniform Trade Secrets Act (FUTSA), Fla. Stat. §§ 688.001–.009—when Defendant misappropriated Plaintiff's confidential information to operate a competing business. (Dkt. 4.)  The court entered the TRO based on these claims.  (*See* Dkt. 13.) The TRO commands:

> Defendant shall immediately—and no later than June 9, 2026—deliver to Plaintiff all documents, materials, and data (and copies thereof), in tangible, electronic, or intangible form, relating to Plaintiff and Plaintiff's

business.

> Defendant shall immediately—and no later than June 9, 2026—make available for inspection and imaging any computers, tablets, smartphones, external storage devices, personal data devices, and similar devices on which she accessed or retained Plaintiff's confidential information or trade secrets as well as any and all Cloud-based file management accounts (including Gmail, iCloud, and Dropbox), email accounts, or other devices or accounts on which Plaintiff's confidential information could reside.

> Defendant shall immediately—and no later than June 9, 2026—take all necessary steps to preserve evidence potentially relevant to this dispute, including but not limited to potentially relevant electronic evidence.

(*Id.* at 27–28.)  Plaintiff has submitted email correspondence showing that Defendant is intentionally violating these commands.  (*See* Dkts. 19, 19-1, 19-2, 19-3.)  The most recent email sent to Plaintiff on Defendant's behalf states that Defendant "[w]ill not be giving [Plaintiff] anything."  (Dkt. 19-1 at 2 (emphasis omitted).)

"Injunctions, and other coercive equitable remedies, have historically been enforceable via the court's civil contempt powers."  *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020).  "Courts have the inherent power to enforce compliance with their orders through civil contempt."  *Id.* at 1255. "A finding of civil contempt must be supported by clear and convincing evidence" establishing three requirements: (1) "the allegedly violated order was valid and lawful," (2) "the order was clear and unambiguous," and (3) "the alleged violator had the ability to comply with the order."  *Fed. Trade Comm'n v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (alteration adopted and quotation omitted).  "Once this prima facie showing of a violation is made, the burden then shifts to the alleged contemnor

to produce evidence explaining [his or her] noncompliance at [a show cause] hearing." *Id.* (quotation omitted). "[T]he absence of willfulness is not a defense to a charge of civil contempt." *Id.* "[S]ubstantial, diligent, or good[-]faith efforts [to comply] are not enough; the only issue is compliance." *Id.*

A "court's civil contempt sanctions are reviewed under an abuse of discretion standard." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991). "When fashioning a sanction to secure compliance, a district court should consider the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id.* (quotations omitted). "Sanctions may be imposed to coerce the contemnor to comply with the court's order[] but may not be so excessive as to be punitive in nature." *Id.* "Due process requires that the court inform the alleged contemnor of the contemptuous conduct[] and provide a hearing in which the alleged contemnor may explain why the court should not make a contempt finding." *Id.* The "numerous options" available to a court imposing civil contempt sanctions include "a coercive daily fine, a compensatory fine, attorney[] fees and expenses . . . , and coercive incarceration." *Id.*

The court concludes that for the reasons stated in the TRO itself, the TRO is valid and lawful. (*See* Dkt. 13.) The TRO is also clear and unambiguous on its face. (*See id.*) Further, Plaintiff has shown by clear and convincing evidence that Defendant has the ability to comply with the TRO but is choosing not to comply. (*See* Dkts. 19,

19-1, 19-2, 19-3.)    Although Defendant had the opportunity to explain her noncompliance by responding to the OTSC, (*see* Dkt. 21), or appearing at the hearing on the TRO, (*see* Dkt. 15), she did neither, (*see* Dkt. 25).  As a result, the court holds Defendant in civil contempt.  *See Freedom Med., Inc. v. Sewpersaud*, No. 6:20-cv-771-Orl-37GJK, 2020 WL 6449312, at \*4, 2020 U.S. Dist. LEXIS 205075, at \*11 (M.D. Fla. Nov. 3, 2020) (holding a defendant in civil contempt for violating a TRO and explaining: "[The plaintiff] showed by clear and convincing evidence [that the defendant] violated the TRO . . . , and [the defendant] failed to show [that] he was unable to comply with the [c]ourt's order—so civil contempt is appropriate" (citing *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992))).

Accordingly:

1. Plaintiff's motion (Dkt. 19) is **GRANTED**.

2. Defendant is **HELD IN CIVIL CONTEMPT**.

3. The court imposes a coercive fine of $1,000 each calendar day from June 2, 2026—the date of the TRO—until the date of Defendant's full compliance with the TRO's commands such that if Defendant does not fully comply with the TRO's commands on or before June 26, 2026, then Defendant shall owe Plaintiff $25,000 and shall continue to owe Plaintiff an additional $1,000 each calendar day after June 26, 2026, until Defendant fully complies with the TRO's commands.  However, if Defendant fully complies with the TRO's commands on or before June 26, 2026, then Defendant shall not owe Plaintiff any sum as

a coercive fine pursuant to this contempt order.

4. After July 10, 2026, if the accrual of the coercive fine has not resulted in Defendant's full compliance with the TRO's commands, Plaintiff may file a motion proposing alternative contempt sanctions, for example Defendant's incarceration.

5. As with the OTSC, Plaintiff shall immediately ensure that Defendant receives this contempt order and, immediately after doing so, shall file a notice with the court establishing Defendant's receipt of the order.

**ORDERED** in Orlando, Florida, on June 23, 2026.

_____

JULIE S. SNEED

UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 6 -