# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MAIN STREET ROI, LLC,

      Plaintiff,

    v.                               Case No.:  6:26-cv-01153-JSS-LHP

FRANCES C. FURGELE,

      Defendant,

_____

## ORDER

Before the Court is Plaintiff's Motion for Entry of Clerk's Default Against Defendant Frances C. Furgele.  Doc. No. 30.  Upon consideration of same, the motion (Doc. No. 30) will be **DENIED without prejudice**, as the motion does not adequately address, by citation to legal authority or otherwise, that service of process on Defendant was proper. *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served).

Specifically, in the motion Plaintiff states as follows with regard to service on Defendant:

-1-

> On June 5, 2026, at 6:42 p.m., Plaintiff's process server served Defendant Frances C. "Frankie" Furgele at 324 S. 5 Point Rd., West Chester, Pennsylvania 19382-5228.
>
> The process server confirmed that service was made on an individual identified as Defendant Frances C. Furgele.  The process server further confirmed that the male individual who accepted the documents was with a woman, provided the documents to that woman, and that the woman was Defendant Frances C. "Frankie" Furgele based on photographs Plaintiff's counsel provided to the process server.
>
> The documents served included, among other things, the Amended Summons in a Civil Action and the Verified Amended Complaint. (Doc. 20).

Doc. No. 30 ¶¶ 4–6.   The return of service on which Plaintiff relies states that the process server served "Frances C. Furgele . . . by personal service by handing the . . . documents to an individual identified as Frances C. Furgele."  Doc. No. 20-1, at 2.  But the "additional description" by the process server provides: "INDIVIDUAL SERVICE:  I served the documents to the within named individual . . . There was a lady there with him he accepted as they were heading out the door he handed a woman the documents he was with.  Confirmed to be Frances."  *Id.* at 3.

Upon consideration, it is not clear from the return of service whether the process server is confirming that the male who was served was "Frances C. Furgele," or if the process server is identifying the "lady" who was with the male served as "Frances C. Furgele."   Doc. No. 20-1.  Also, even assuming "Frances C. Furgele" is the "lady" (Ms. Furgele is identified as female in the operative complaint, Doc. No. 4), the process server then served an unidentified male, with

-2-

an unidentified relationship to Ms. Furgele, who in turn handed the documents to her. *Id.* Further, Plaintiff's motion includes details that the return of service does not—such that Plaintiff suggests the process server confirmed Ms. Furgele's identity by photograph, and that the process server specifically identified the "lady" as Ms. Furgele, but the return of service is not so clear. *Compare* Doc. No. 30, *with* Doc. No. 20-1.[1] Finally, even assuming the "lady" was confirmed to be Ms. Furgele, Plaintiff's motion does not adequately address, by citation to legal authority or otherwise, whether handing the documents to an unidentified male with an unidentified relationship to the person to be served, who in turn hands them to the person to be served, is sufficient to effect proper service under governing law. Doc. No. 30. Thus, it is not clear that Defendant was properly served.

Accordingly, the motion (Doc. No. 30) is **DENIED without prejudice**. Plaintiff shall file a renewed motion within **fourteen (14) days** of this Order, which shall address the issues set forth in this Order and which must include a memorandum of legal authority establishing that service of process on Defendant was proper under applicable law.

---

[1] The photograph attached to the return of service is a picture of what appears to be the front of a residence, which reflects a different address than that listed on the summons. *See* Doc. No. 11; Doc. No. 20-1, at 5. It is otherwise unclear what "photographs Plaintiff's counsel provided to the process server," Doc. No. 30, at 2, and the return of service does not otherwise mention photographs, Doc. No. 20-1.

**DONE** and **ORDERED** in Orlando, Florida on June 30, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties